# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

COREY D. SORRELL

vs

PAIGE INDUSTRIAL SERVICES, INC.

Case Number: ___2015 CA  006933 B___

Date: ___SEpt. 10, 2015___

☐ One of the defendants is being sued
in their official capacity.

Name: *(Please Print)*
    Kenneth E. McPherson

Firm Name:
    Kenneth E. McPherson, Chtd.

Telephone No.:        Six digit Unified Bar No.:
    301-277-4727;        240-432-8970

Relationship to Lawsuit

☒ Attorney for Plaintiff
☐ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury        ☒ 6 Person Jury        ☐ 12 Person Jury
Demand: $ 500,000.00        Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: N/A        Judge: _____        Calendar #: _____

Case No.: _____        Judge: _____        Calendar#: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

### A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

### COLLECTION CASES

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
   Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
   42-3301. et seq.)

☐ 21 Petition for Subpoena
   [Rule 28-1 (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

9-10-2015
_____
Date

CV-496/ June 2015

D.C. Superior Court
09/08/2015 16:58PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

COREY D. SORRELL                              :
  4438 - 68th Place, Apt. B1
Landover Hills, MD 20784                      :

                                  :

      Plaintiff                          :

                                    :

         v.                          :    Case Number: _____

PAIGE INDUSTRIAL SERVICES, INC.              :
3301 Hubbard Road
Landover, Maryland 20785                      :

      SERVE:                             :    **JURY TRIAL DEMANDED**

      Robert D. Lourie                   :
      2007 Tidewater Colony Drive
      Suite 2b                           :
      Annapolis, MD 21401                :

      Defendant                          :

## COMPLAINT

COMES NOW the Plaintiff, COREY D. SORRELL, through his attorney, Kenneth

E. McPherson, and hereby sues PAIGE INDUSTRIAL SERVICES, INC., Defendant, for

equitable relief and monetary damages, as follows:

### PARTIES

1.    The Plaintiff, COREY D. SORRELL, is a 46 year old black male of the

African-American race who resides in Prince George's County, Maryland.

2.    Defendant PAIGE INDUSTRIAL SERVICES, INC., is a closely held for profit

corporation formed under the laws of the State of Maryland.

3. The Defendant is engaged in the business of general construction services including design and construction of commercial and government buildings, construction management, and environmental and information technology services.

## NATURE OF ACTION

4. This is a challenge to the Defendant's unlawful discrimination against the Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq. ("Title VII").

5. The Defendant is a private employer who is a proper defendant for a claim made under Title VII because the Defendant is engaged in an industry affecting commerce and performs contracts with state and local governments.   42 U.S.C. § 2000e(b).

6. The Defendant has had more than 15 regular employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar years referred to in this Complaint. 42 U.S.C. § 2000e(b).

7. The Plaintiff was, for purposes of Title VII anti-discrimination in employment statutes, an employee of the Defendant. 42 U.S.C. § 2000e(f).

8. The Defendant discriminated against the Plaintiff based on his race.

9. To remedy the employment discrimination against the Plaintiff, he seeks back pay, front pay, reinstatement, compensatory damages, attorney's fees and costs, injunctive relief, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

10. The Superior Court for the District of Columbia may exercise original subject matter jurisdiction over the instant action pursuant to D. C. Code 11-921(a)(6).

11. The Court may properly maintain personal jurisdiction over the Defendant because it regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from services rendered in the District of Columbia. D.C. Code 13-423(a)(4).

12. The Court may properly maintain personal jurisdiction over the Defendant because this claim, in part, arising from the Defendant transacting business in the District of Columbia. D.C. Code 13-423(a)(1).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. On or about August 27, 2014, the Plaintiff filed a Formal Individual Complaint Form for Employment Discrimination (assigned EEOC Charge No.: 531-2014-02157) alleging discrimination based on race. See, EXHIBIT 1.

14. On or about September 24, 2014, the Plaintiff supplemented his Charge of Discrimination based on race, age and retaliation. See, EXHIBIT 2.

15. On or about June 10, 2015, the Plaintiff was issued a Right to Sue letter notifying the Plaintiff that the administrative investigation was concluded. See, EXHIBIT 3.

16. The Plaintiff has exhausted his administrative remedies.

### Facts Relevant to all Counts:

17. In October 2009, the Plaintiff was hired by the Defendant as a Laborer for construction work where he was paid $15.00 per hour.

18. The Plaintiff worked on jobs that involved private and government properties that were located in the District of Columbia and Maryland.

19. In 2010, the Plaintiff received a raise to $17.00 per hour when he became an Electrical Helper.

20. In 2013, the Plaintiff became an Electrical Apprentice.

21. The Plaintiff was paid less than white employees who performed the same or similar work as the Plaintiff and the Defendant failed to promote the Plaintiff at the same pace and with the same training and experience as the white employees.

22. The Plaintiff was paid less than younger employees who performed the same or similar work as the Plaintiff and the Defendant failed to promote the Plaintiff at the same pace and with the same training and experience as the younger employees.

23. The Plaintiff complained to the Defendant about the wage disparity between he and the younger white employees who were performing the same or similar work as the Plaintiff.

24. On several occasions the Plaintiff made the Defendant aware that the Plaintiff wanted to be considered for promotional opportunities within the Defendant company.

25. On or about August 15, 2014, the Plaintiff resigned his employment with the Defendant because of the persistent discrimination based on race and age.

26. On or about August 21, 2014, and on additional occasions thereafter, the Plaintiff requested from the Defendant documents that reflected the Plaintiff's work experience while employed by the Defendant so that he could prove that he had met the threshold to become a journeyman electrician and be paid accordingly.

27. The Defendant knew the purpose and necessity of the documentation sought by the Plaintiff and that without such documentation the Plaintiff would receive less wages at his subsequent place of employment.

28. The Defendant failed and refused to provide the documentation sought by the Plaintiff.

29. The Plaintiff was paid less wages at his subsequent place of employment because he did not have the documentation he sought from the Defendant.

30. The Defendant provided the same type of documentation for the benefit of its other former employees who were younger and/or not of the black race.

## COUNT 1

### (Title VII - Federal Anti-Discrimination Laws - Based on Race)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

31. Responsible management knew of the Defendant's race and age, the Plaintiff's work duties, and pay rate in comparison to other employees who were performing the same duties as the Plaintiff.

32. The Defendant's racial discrimination against the Plaintiff violated 42 U.S.C. § 2000e-2.

32. The Defendant's racial discrimination was done intentionally and maliciously or with reckless disregard for the Plaintiff's federally protected rights.

33. As a direct and proximate result of the Defendant's unlawful racial discrimination, the Plaintiff suffered damages including lost wages and benefits, injury to his reputation, mental anguish, humiliation, insult, indignity, embarrassment, and loss of self esteem.

**WHEREFORE,** the Plaintiff, COREY D. SORRELL, seeks judgment in his favor against the Defendant, PAIGE INDUSTRIAL SERVICES, INC., and injunctive relief against further discrimination, reinstatement, back pay, front pay if reinstatement is not feasible for any reason, compensatory damages for economic and non-economic damages, punitive damages, plus pre-judgment interest, costs and attorney's fees.

## COUNT 2

**(Title VII - Federal Anti-Discrimination Laws - Retaliation)**

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

34. The Defendant intentionally withheld information and documentation pertaining to the Plaintiff's training and work experience that he needed for subsequent employment because he had complained about racial discrimination to the Defendant and to the EEOC.

35. The Defendant's retaliatory conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)-3, as amended.

36. As a direct and proximate result of the Defendant's retaliatory discrimination, the Plaintiff has suffered damages described above in Paragraph number 33.

**WHEREFORE**, the Plaintiff, COREY D. SORRELL, seeks judgment in his favor against the Defendant, PAIGE INDUSTRIAL SERVICES, INC., and injunctive relief against further retaliation for protected activity, reinstatement, back pay, front pay if reinstatement is not feasible for any reason, compensatory damages for economic and non-economic damages, punitive damages, plus pre-judgment interest, costs and attorney's fees.

## COUNT 3

**(Age Discrimination in Employment Act of 1967, 29 U.S.C. 623(a))**

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

40. The Defendant's discrimination against the Plaintiff on the basis of his age violated 29 U.S.C. § 623(a).

41. The Defendant's age discrimination was done intentionally and maliciously or with reckless disregard for the Plaintiff's federally protected rights.

42. As a direct and proximate result of the Defendant's age discrimination, the Plaintiff has suffered damages described above in Paragraph number 33.

**WHEREFORE**, the Plaintiff, COREY D. SORRELL, seeks judgment in his favor against the Defendant, PAIGE INDUSTRIAL SERVICES, INC., and injunctive relief against further discrimination, reinstatement, back pay, front pay if reinstatement is not feasible for any reason, compensatory damages for economic and non-economic damages, punitive damages, plus pre-judgment interest, costs and attorney's fees.

## COUNT 4

**(Age Discrimination in Employment Act of 1967, 29 U.S.C. 623(d) - Retaliation)**

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

43. The Defendant intentionally withheld information and documentation pertaining to the Plaintiff's training and work experience that he needed for subsequent employment because he had complained about age discrimination to the Defendant and to the EEOC.

44. The Defendant's retaliatory conduct violated 29 U.S.C. § 623(d).

45. As a direct and proximate result of the Defendant's retaliatory discrimination, the Plaintiff has suffered damages described above in Paragraph number 33.

**WHEREFORE**, the Plaintiff, COREY D. SORRELL, seeks judgment in his favor against the Defendant, PAIGE INDUSTRIAL SERVICES, INC., and injunctive relief against further retaliation for protected activity, reinstatement, back pay, front pay if reinstatement is not feasible for any reason, compensatory damages for economic and non-economic damages, punitive damages, plus pre-judgment interest, costs and attorney's fees.

## COUNT 5

### (42 U.S.C. § 1981 - Employment Discrimination Based on Race)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

46.   The Defendant's disparate treatment of the Plaintiff in terms of his pay and benefits was discriminatory under 42 U.S.C. § 1981 because race was a motivating factor in the Defendant's treatment of the Plaintiff.

47.   The Defendant's age discrimination was done intentionally and maliciously or with reckless disregard for the Plaintiff's federally protected rights.

48.   As a direct and proximate result of the Defendant's unlawful age discrimination, the Plaintiff has suffered damages described above in Paragraph number 33.

WHEREFORE, the Plaintiff, COREY D. SORRELL, seeks judgment in his favor against the Defendant, PAIGE INDUSTRIAL SERVICES, INC., and injunctive relief against further discrimination, reinstatement, back pay, front pay if reinstatement is not feasible for any reason, compensatory damages for economic and non-economic damages, punitive damages, plus pre-judgment interest, costs and attorney's fees.

## COUNT 6

### (42 U.S.C. § 1981 - Employment Discrimination - Retaliation)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

49.   The Defendant intentionally withheld information and documentation pertaining to the Plaintiff's training and work experience that he needed for subsequent employment because he had complained about racial discrimination to the Defendant and to the EEOC.

50.   The Defendant's retaliatory conduct violated 42 U.S.C. § 1981.

51. As a direct and proximate result of the Defendant's retaliatory discrimination, the Plaintiff has suffered damages described above in Paragraph number 33.

WHEREFORE, the Plaintiff, COREY D. SORRELL, seeks judgment in his favor against the Defendant, PAIGE INDUSTRIAL SERVICES, INC., and injunctive relief against further retaliation for protected activity, reinstatement, back pay, front pay if reinstatement is not feasible for any reason, compensatory damages for economic and non-economic damages, punitive damages, plus pre-judgment interest, costs and attorney's fees.

## COUNT 7

### (Violation of the D. C. Human Rights Act - Racial and Age Discrimination)

The Plaintiff hereby adopts all of the allegations made above, and alleges further:

45. The Defendant's discriminatory and retaliatory conduct against the Plaintiff, as described above, in whole or in part because of the Plaintiff's race and age rather than his individual merit, constitutes a violation of the District of Columbia Human Rights Act, D.C.Code § 2-1402.11 (2007).

46. The Defendant's unlawful discriminatory conduct directly and proximately caused the Plaintiff to suffer the injuries and damages described above in Paragraph number 33.

WHEREFORE, the Plaintiff, COREY D. SORRELL, seeks judgment in his favor against the Defendant, PAIGE INDUSTRIAL SERVICES, INC., and injunctive relief against further discrimination and retaliation, reinstatement, back pay, front pay if reinstatement is not feasible for any reason, compensatory damages for economic and non-economic damages, punitive damages, plus pre-judgment interest, costs and attorney's fees.

Respectfully submitted,

Kenneth E. McPherson
*Attorney for Plaintiff*
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737
301-277-4727 office
240-432-8970 mobile
301-699-8706 fax
kemlawyer@gmail.com

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

COREY D. SORRELL                         :

    Plaintiff                              :

            v.                      :       Case Number: _____
                                         :
PAIGE INDUSTRIAL SERVICES, INC.          :

    Defendant                              :

## JURY DEMAND

The Plaintiff, COREY D. SORRELL, hereby exercises his right to a jury trial on all

claims against the Defendants and on any defenses raised by the Defendant.


Respectfully submitted,


Kenneth E. McPherson
*Attorney for Plaintiff*
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737
301-277-4727 office
240-432-8970 mobile
301-699-8706 fax
kemlawyer@gmail.com


Page 11 of  11

Filed
D.C. Superior Court
10/22/2015 17:21PM
Clerk of the Court



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

COREY D. SORRELL
_____
Plaintiff

vs.                                                 Case Number    2015 CA 006933 B

PAIGE INDUSTRIAL SERVICES, INC.
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kenneth E. McPherson                                    *Clerk of the Court*
_____
Name of Plaintiff's Attorney

6801 Kenilworth Ave. #202                 By _____
_____                          Deputy Clerk
Address

Riverdale, MD 20737
301-277-4727; 240-432-8970                 Date    10/22/2015
_____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

COREY D. SORRELL
    Vs.
PAIGE INDUSTRIAL SERVICES, INC.

C.A. No.    2015 CA 006933 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date: September 9, 2015
Initial Conference: 9:30 am, Friday, December 18, 2015
Location: Courtroom 221
       500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc